1  LATHAM & WATKINS LLP
    Peter K. Rosen (CA Bar No. 82725)
2      Robert A. Klyman (CA Bar No. 142723)
   355 South Grand Avenue
3  Los Angeles, California  90071-1560
   Telephone:  (213) 485-1234
4  Facsimile:  (213) 891-8763
   peter.rosen@lw.com
5  robert.klyman@lw.com

6  Attorneys for the Directors and Officers of
   Imperial Capital Bancorp, Inc.
7

## UNITED STATES BANKRUPTCY COURT

## Southern District of California

| | |
|---|---|
| In re | Case No. 09-19431-LA11 |
| IMPERIAL CAPITAL BANCORP, INC., a Delaware corporation | Adv. Proc. No. 11-90354-LA |
| | Chapter 11 |
| Debtor and Debtor-in-Possession | **THE DIRECTORS AND OFFICERS' NOTICE OF MOTION AND MOTION TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT OF ADVERSARY PROCEEDING NO. 11-90354-LA** |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF IMPERIAL CAPITAL BANCORP, INC. | |
| Plaintiff | *Memorandum of Points and Authorities, Compendium of Exhibits, and Request for Judicial Notice filed concurrently herewith* |
| v. | |
| NORVAL L. BRUCE, TIMOTHY M. DOYLE, GEORGE W. HALIGOWSKI, PHILIP E. LOMBARDI, LYLE C. LODWICK, JEFFREY L. LIPSCOMB, SANDOR X. MAYUGA, HIROTAKA ORIBE, ROBERT R. REED, SCOTT WALLACE, AND DOES 1-10 | **ORAL ARGUMENT REQUESTED** |
| Defendants | |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2309458.2

DIRECTORS AND OFFICERS' NOTICE OF MOTION
AND MOTION TO WITHDRAW THE REFERENCE
OF ADVERSARY PROCEEDING NO. 11-90354-LA

TO:  THE UNITED STATES DISTRICT COURT, THE UNITED STATES BANKRUPTCY COURT, THE OFFICE OF THE UNITED STATES TRUSTEE, THE ABOVE-CAPTIONED DEBTOR AND DEBTOR-IN-POSSESSION, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS:

**PLEASE TAKE NOTICE** that Norval L. Bruce, Timothy M. Doyle, George W. Haligowski, Phillip E. Lombardi, Lyle C. Lodwick, Jeffrey L. Lipscomb, Sandor X. Mayuga, Hirotaka Oribe, Robert R. Reed and Scott Wallace (each a "Defendant" and collectively, the "Defendants"), each a current or former officer or director of Imperial Capital Bancorp, Inc., the above-captioned Debtor and Debtor-in-Possession (the "Debtor"), hereby move the United States District Court for the Southern District of California (the "District Court") for an order withdrawing the reference of the above-captioned adversary proceeding (Adversary Proceeding No. 11-90354-LA, the "Committee Adversary Proceeding"), to the United States Bankruptcy Court for the Southern District of California (the "Bankruptcy Court").

This motion is made pursuant 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011, Local Bankruptcy Rule 5011-1, and applicable law. This motion is based upon the Defendants' concurrently filed (i) Memorandum of Points and Authorities, (ii) the Compendium of Exhibits, and (iii) the Request for Judicial Notice, as well as such further evidence and argument as may be presented to the District Court at or before any hearing on this motion.

Pursuant to Local Bankruptcy Rule 5011-1, the Defendants respectfully submit as follows. In addition to the Committee Adversary Proceeding, two adversary proceedings have been filed in the above-captioned bankruptcy case: (i) Adversary Proceeding No. 10-90250 styled *Imperial Capital Bancorp, Inc. v. Union Bank of California, et al.* (the "Union Bank Adversary Proceeding"); and (ii) Adversary Proceeding No. 10-90386 styled *Imperial Capital Bancorp, Inc. v. Federal Deposit Insurance Corporation, as Receiver* (the "FDIC Adversary Proceeding"). The Union Bank Adversary Proceeding was closed on September 27, 2010 and did not involve matters related to the Committee Adversary Proceeding.

The FDIC Adversary Proceeding was filed August 12, 2010, and is a complaint filed by the Debtor against the Federal Deposit Insurance Corporation, as Receiver (the "FDIC") of the Debtor's subsidiary bank, Imperial Capital Bank (the "Bank"). Through the FDIC Adversary

Proceeding, the Debtor seeks declaratory judgment regarding ownership of certain tax refunds, for damages, and an injunction for violation of the automatic stay.  On August 25, 2010, the FDIC filed its Notice of Motion and Motion to Withdraw the Reference of (1) the FDIC Adversary and (2) Debtor's Objection to "Capital Maintenance Claims" Portion of the FDIC-R's Proof of Claim filed in the Debtor's bankruptcy proceedings. To hear these matters, the District Court opened Case Nos. 10-cv-1991-LAB-WMC and 10-cv-1992-LAB-WMC.  The Debtor and the Committee have consented to withdrawal of the reference for certain matters.  (*See* Adv. Proc. No. 10-90386-LA, Docket Nos. 13, 14.)  The District Court refused to withdraw the "Capital Maintenance Claims" portion of the proceeding.  (*See* District Court Case No. 10-cv-1991, Docket No. 22.)

Concurrently with filing the Complaint for Breach of Fiduciary Duty (the "Complaint") in the Committee Adversary Proceeding, the Official Committee of Unsecured Creditors of the Debtor (the "Committee") filed a Motion for Permission to Investigate and Bring Claims on Behalf of Bankruptcy Estate (the "Permission Motion").  The FDIC opposed the Permission Motion and filed a Motion to Withdraw the Reference [Bankruptcy Case Docket No. 548] of this matter as well as the objection to its claim (the "FDIC Withdrawal Motion").  As of the date hereof, the District Court has not ruled on the FDIC Withdrawal Motion. (*See* District Court Case No. 11-cv-2065-LAB-WMC.)

In further compliance with Local Bankruptcy Rule 5011-1, the Defendants state that: (i) the Defendants move to withdraw the reference of the entirety of the Committee Adversary Proceeding and to have all matters related thereto heard and determined by the District Court; (ii) the foregoing matters do not involve issues previously determined or presently pending for determination before the Bankruptcy Court; (iii) there has been no discovery or presentation of evidence to the Bankruptcy Court in the Committee Adversary Proceeding; (iv) the Defendants are current or former directors and officers of the Debtor and may have various claims against the Debtor; however, (a) only two of the ten Defendants filed proofs of claim and none of the Defendants, and (b) only three of the Defendants are listed in the Debtor's schedules.[1]  The resolution of the

---

[1]  Defendants George W. Haligowski and Scott A. Wallace filed Proofs of Claim [Claim Nos. 32 and 38, respectively]; Defendants Timothy M. Doyle, George W. Haligowski and Scott

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2309458.2

2

DIRECTORS AND OFFICERS' NOTICE OF MOTION
AND MOTION TO WITHDRAW THE REFERENCE
OF ADVERSARY PROCEEDING NO. 11-90354-LA

foregoing claims is unrelated to the Committee Adversary Proceeding, except to the extent that the directors and officers have rights to indemnification from the Debtor; and (v) the Defendants first became aware of the Committee Adversary Proceeding on or about July 15, 2011, when the Committee filed the Permission Motion and the unauthorized Complaint against the Defendants.[2]

Dated:  December 12, 2011

Respectfully submitted,

LATHAM & WATKINS LLP
  Peter K. Rosen
  Robert A. Klyman

By   /s/ Robert A. Klyman
  Robert A. Klyman
  Attorneys for the Defendants

---

A. Wallace are listed on Schedule F of the Debtor's Schedules [Bankruptcy Case Docket Nos. 50 and 57].

[2] The Bankruptcy Court entered its order approving the Permission Motion on October 7, 2011; prior to the Bankruptcy Court granting the Permission Motion the Committee lacked authority to commence the Committee Adversary Proceeding.