LATHAM & WATKINS LLP
   Peter K. Rosen (CA Bar No. 82725)
   Robert A. Klyman (CA Bar No. 142723)
   Ted A. Dillman (CA Bar No. 258499)
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
peter.rosen@lw.com
robert.klyman@lw.com
ted.dillman@lw.com

Attorneys for the Directors and Officers of
Imperial Capital Bancorp, Inc.

# UNITED STATES BANKRUPTCY COURT

## Southern District of California

| | |
|---|---|
| In re<br><br>IMPERIAL CAPITAL BANCORP, INC.,<br>a Delaware corporation<br><br>      Debtor and Debtor-in-Possession | Case No. 09-19431-LA11<br><br>Adv. Proc. No. 11-90354-LA<br><br>Chapter 11<br><br>**DIRECTORS AND OFFICERS' REPLY IN SUPPORT OF THE DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT OF ADVERSARY PROCEEDING NO. 11-90354-LA**<br><br>**ORAL ARGUMENT REQUESTED** |
| OFFICIAL COMMITTEE OF<br>UNSECURED CREDITORS OF<br>IMPERIAL CAPITAL BANCORP, INC.<br><br>      Plaintiff<br>v.<br><br>NORVAL L. BRUCE, TIMOTHY M. DOYLE, GEORGE W. HALIGOWSKI, PHILIP E. LOMBARDI, LYLE C. LODWICK, JEFFREY L. LIPSCOMB, SANDOR X. MAYUGA, HIROTAKA ORIBE, ROBERT R. REED, SCOTT WALLACE, AND DOES 1-10<br><br>      Defendants | |

LATHAM&WATKINS LLP  LA\2430963.1
ATTORNEYS AT LAW
LOS ANGELES

DIRECTORS AND OFFICERS' REPLY IN SUPPORT
OF THE DEFENDANTS' MOTION TO
WITHDRAW THE REFERENCE

Norval L. Bruce, Timothy M. Doyle, George W. Haligowski, Phillip E. Lombardi, Lyle C. Lodwick, Jeffrey L. Lipscomb, Sandor X. Mayuga, Hirotaka Oribe, Robert R. Reed and Scott Wallace (each, a "Defendant" and collectively, the "Defendants"), each a current or former officer or director of Imperial Capital Bancorp, Inc. (the "Debtor"), submit this Reply in Support of the Defendants' Motion to Withdraw the Reference (the "Motion")[1] to the Bankruptcy Court of Adversary Proceeding No. 11-90354-LA (the "Committee Adversary Proceeding"). The Motion is the Defendants' first and only request to withdraw the reference of any matter.

A.   **Mandatory Withdrawal is Warranted**

As set forth in the District Court's January 3, 2011 Order Granting in Part and Denying in Part the Motion to Withdraw the Reference of the FDIC [3:11-cv-02065; Docket No. 15] ("FDIC Order"), mandatory withdrawal of the reference is warranted under 28 U.S.C. § 157(d) if "consideration of [FIRREA] . . . is 'substantial and material' in resolving" the Committee Adversary Proceeding. (*See* FDIC Order 4.) The instant Motion falls squarely within 28 U.S.C. § 157(d) and the District Court's FDIC Order: the resolution of the Committee Adversary Proceeding will require substantial and material application of the federal banking law under FIRREA. In particular, the Defendants have asserted as an affirmative defense that the seizure of the Bank and imprudent sale of Bank assets by the FDIC caused the damages alleged in the First Amended Complaint (the "FAC"). If the District Court determines that the FDIC violated FIRREA in connection with such sale and validates the affirmative defense, then the Defendants could be fully exonerated. This determination will require "substantial and material" consideration of FIRREA.

Specifically, in conducting an asset sale, FIRREA requires, among other things, that the sale "maximizes the net present value return from the sale or disposition of such assets," and "ensures adequate competition and fair and consistent treatment of offerors." 12 U.S.C. § 1821(d)(13)(E). "[T]he [FIRREA] statute requires that the FDIC maximize its return on liquidated assets . . . Failure to so proceed would result in the FDIC acting contrary to its mandate." *FDIC v. Ornstein*, 73 F. Supp. 2d 277, 285-86 (E.D.N.Y. 1999) (citing *Nat'l Credit*

---

[1]   Capitalized terms not otherwise defined herein have the meanings in the Motion.

*Union Admin. v. First Union Capital Mkts. Corp.*, 189 F.R.D. 158, 168 n.11 (D. Md. 1999)).

As part of the Defendants' affirmative defense, the Defendants will contend that the damages alleged in the FAC were caused by the FDIC's imprudent and expedited "fire sale" of the Bank's assets to City National Bank at rock-bottom valuations, in a manner that violated FIRREA by failing to (i) maximize "the net present value return from the sale or disposition of such assets," and (ii) "ensure adequate competition." *See* 12 U.S.C. § 1821(c)(12). Further, the Defendants believe that discovery (which has yet to commence) will show that if FDIC's sale of Bank assets had complied with FIRREA, the damages sought by the FAC would have been avoided or substantially mitigated. Without a careful analysis of FIRREA, therefore, the Defendants could be wrongfully held liable for damages improperly caused by the FDIC. Thus, resolving the Defendants' affirmative defense will require substantial and material consideration of FIRREA.

To the extent mandatory withdrawal requires the Defendants to demonstrate that their affirmative defense would "require interpretation or analysis of unresolved issues of federal non-bankruptcy law in the adversary proceeding," *Green v. FDIC (In re Tamalpais Bancorp),* 451 B.R. 6, 9 (N.D. Cal. 2011), the Defendants have been unable to locate any Ninth Circuit case involving the novel issue of whether the FDIC's improvident and wrongful sale of the Bank's assets in derogation of its duties under FIRREA would constitute an intervening cause of damages in a case like the Committee Adversary Proceeding. Additionally, while some cases discuss the FDIC's statutory duties as receiver and mandate under FIRREA to maximize recovery in asset sales, the Defendants have not been able to identify any Ninth Circuit authority resolving whether, under specific circumstances, the FDIC's sale of bank assets violates FIRREA. It is also telling that the Committee cites no Ninth Circuit authority holding that the resolution of the foregoing affirmative defense involves the simple application of facts to settled law.[2]

---

[2] The best the Committee can do is cite to *Green*, 451 B. R. at 9-10 for the proposition that affirmative defenses, which <u>might</u> implicate FIRREA, do not mandate withdrawal of the reference. The *Green* court found that what mattered was "what issues are to be addressed rather than what statutes are involved." *Id.* at 9. Consistent with *Green*, and as noted above and in the

1   In lieu of citing case law, the Committee erroneously asserts that the District Court's FDIC Order precludes the relief set forth in the Motion.  That assertion relies on a misreading of the FDIC Order.  The FDIC Order addressed a matter not at issue here, namely, whether federal law governs what rights belong to the Debtor's estate and what rights belong to the FDIC as receiver of the Bank.[3]  However, the key factor in the Motion supporting mandatory withdrawal of the reference is unrelated to the issue of which entity holds the right to pursue the relief sought by the Committee Adversary Proceeding.  Instead, resolution of the Committee Adversary Proceeding will require a detailed analysis of whether, on the one hand, the FDIC acted properly under FIRREA or, on the other hand, the FDIC violated FIRREA in connection with an expedited sale of the Bank's assets.  Accordingly, the resolution of the Defendants' liability cannot occur without material and substantial consideration of FIRREA.   While the Committee may dispute the impact of FIRREA on the scope of the Defendants' liability, according to the District Court's FDIC Order, a "reasonable dispute between the parties" as to the impact of FIRREA warrants mandatory withdrawal of the reference.  (FDIC Order 4.)

Accordingly, the Motion should be granted.

### B. Alternatively, Cause Exists for Permissive Withdrawal of the Reference

#### *1. The Defendants' undisputed right to a jury trial in the District Court constitutes cause to withdraw the reference*

It is well established in the Ninth Circuit and elsewhere that a right to a jury trial constitutes cause to withdraw the reference when coupled with the defendants' refusal to consent to have the jury trial held in bankruptcy court. *See Daewoo Motor Am., Inc. v. Gulf Ins. Co. (In re Daewoo Motor Am., Inc.)*, 302 B.R. 308, 314 (C.D. Cal. 2003) ("[W]here there is a right to jury trial in a non-core matter, that factor may weigh heavily in favor of withdrawing the reference so as to give the parties an opportunity for a jury trial in the district court."). *See also*

---

Motion, the Defendants have demonstrated that key issues under FIRREA must be addressed as part of their affirmative defenses.

[3]  The District Court entered its FDIC Order <u>after</u> the Defendants filed the Motion.  Based on the FDIC Order, the Defendants no longer contend that mandatory withdrawal of the reference should be based on a dispute of whether the FDIC or the Committee hold the exclusive right to pursue the causes of action in the Complaint.

1  *Taxel v. Elec. Sports Research (In re Cinematronics, Inc.)*, 916 F.2d 1444, 1451 (9th Cir. 1990)
2  ("We find that grave Seventh Amendment problems would arise if a jury trial is conducted by
3  the bankruptcy court, because section 157(c)(1) requires de novo review by the district court of
4  noncore matters."); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures*
5  *Corp.)*, 4 F.3d 1095, 1101 (2nd Cir. 1993) ("If a case is non-core and a jury demand has been
6  filed, a district court might find that the inability of the bankruptcy court to hold the trial
7  constitutes cause to withdraw the reference.");[4] *Container Recycling Alliance v. Lassman*, 359
8  B.R. 358, 359-60 (D. Mass. 2007) ("The right to a jury trial is an important right, and if it can be
9  vindicated fully only by withdrawal of the reference, then surely there is good cause for the
10  withdrawal"); *Bus. Commc'ns, Inc. v. Freeman*, 129 B.R. 165, 166 (N.D. Ill. 1991) ("If
11  defendants are entitled to a jury trial, and the bankruptcy court does not have the authority to
12  conduct the trial, there is sufficient cause to withdraw the reference.").

13        This matter is on all fours with the foregoing authorities. Both the Committee and the
14  Defendants have demanded a jury trial.[5] The Defendants have expressly refused to consent to a
15  jury trial in the Bankruptcy Court, which precludes the Bankruptcy Court from conducting the
16  jury trial under 28 U.S.C. § 157(e) and Bankruptcy Rule 9015(b). Moreover, while the
17  Opposition asserts that "courts regularly refuse to withdraw the reference of proceedings
18  involving non-core claims and/or jury trials," (Opp. 12), a number of the cases the Committee
19  cites do not support that bald assertion. For example:

20      1.    *Edgewater Medical Center. v. Edgewater Property Co. (In re Edgewater Medical*
         *Center)*, No. 02 B 07378, 2004 WL 2921957 (N.D. Ill. Dec. 15, 2004), cited in
21          the Opposition at 12. Unlike the instant matter, the adversary proceeding at issue
         in *Edgewater* "involve[d] predominantly core bankruptcy matters," and "the
22          [defendants] also concede[d] that they will not seek a jury trial." 2004 WL

---

[4] The Committee cites to *Orion* in support of its argument that a district court might leave a matter with a bankruptcy court where "<u>the jury demand is without merit</u>"(Opp. 11-12); here, neither party disputes the merit of the jury demand, and the reasoning of *Orion* makes plain that a valid jury demand would support withdrawal of the reference.

[5] The Opposition cites certain cases holding that a jury demand does not require immediate <u>automatic</u> withdrawal of the reference. *See, e.g., Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 787 (9th Cir. 2007); *Barlow & Peek, Inc. v. Manke Truck Lines, Inc.*, 163 B.R. 177, 179 (D. Nev. 1993). Neither the Defendants' Motion nor this Reply argue that a right to and demand for a jury trial warrants <u>automatic</u> withdrawal, but rather that the presence of a jury demand can establish cause for permissive withdrawal, consistent with well established case law (including many cases cited by the Committee).

LATHAM&WATKINS<sup>LLP</sup>  LA\2430963.1
ATTORNEYS AT LAW
LOS ANGELES
4
DIRECTORS AND OFFICERS' REPLY IN SUPPORT
OF THE DEFENDANTS' MOTION TO
WITHDRAW THE REFERENCE

2921957, at *2, 4.  <u>Here, the FAC asserts only non-core state law claims and both parties have demanded a jury trial</u>.

2. *Daewoo*, 302 B.R. 308, cited in the Opposition at 12-13.  Unlike the instant case, the defendant in *Daewoo* did not make any jury demand.  <u>If the defendants in *Daewoo* had made the demand, the *Daewoo* court would have authorized withdrawal of the reference</u>: "[h]ad Defendant filed a jury demand but withheld its consent to the bankruptcy court's holding the jury trial, this Court would be obligated to withdraw the reference because of its finding that this is a non-core matter." 302 B.R. at 315.  As noted above, the FAC asserts only non-core claims and the Defendants timely filed a jury demand.

3. *HA 2003, Inc. v. Fed. Ins. Co.*, 2004 WL 609799 (N.D. Ill. 2004)), cited in the Opposition at 13.  Under facts at odds with those in the instant case, the *HA 2003* court found that the "efficiency and uniformity" of bankruptcy proceedings would be "harmed by withdrawing the reference."  According to that court, the insurance coverage claims at issue "raise important issues of Bankruptcy Code interpretation."  In addition, the bankruptcy court was already familiar with the parties, "the factual core of this case, and many of the coverage issues involved here.  Second, the post-petition compensation plan, which the Bankruptcy Court approved . . . was raised by the insurer defendants in their defense of this coverage dispute.  And third, the Bankruptcy Court is already overseeing discovery." <u>None of these factors are present in the Committee Adversary Proceeding</u>.

Accordingly, cause exists to withdraw the reference on account of the Defendants' undisputed right to a jury trial in the District Court.

> **2.    Because the Committee Adversary Proceeding is <u>non-core</u>, withdrawing the reference promptly promotes judicial efficiency and conserves resources because the District Court must otherwise undertake de novo review of the Bankruptcy Court's findings**

Judicial efficiency and economy also supports prompt withdrawal of the reference of the non-core Committee Adversary Proceeding.  The Committee ignores the multitude of authorities establishing that whether a proceeding is core or non-core – or in post-*Stern v. Marshall*, 131 S. Ct. 2594 (2011) parlance, whether or not the Bankruptcy Court may enter final orders – is the most important factor in determining whether cause exists to withdraw the reference because withdrawal of non-core matters promotes efficiency by reducing costs as well as avoiding duplicative efforts and *de novo* review.  *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1007 (9th Cir. 1997) (citing *Orion*, 4 F.3d at 1101) ("In this case efficiency was enhanced by withdrawing the reference because non-core issues predominate . . . Inasmuch as a bankruptcy court's determinations on non-core matters are subject to *de novo* review by the district court,

unnecessary costs could be avoided by a single proceeding in the district court. ");[6] *In re Transcon*, 121 B.R. 837, 838-39 (C.D. Cal. 1990) ("Due to the fact that a District Court Judge must eventually preside over the jury trial in this matter, <u>it would constitute a tremendous waste of judicial resources</u> to permit the bankruptcy judge to continue to maintain jurisdiction over the issues presented in this litigation") (emphasis added). S*ee also Orion*, 4 F.3d at 1101 (because "a bankruptcy court's determination on non-core matters is subject to *de novo* review by the district court[,] . . . unnecessary costs could be avoided by a single proceeding in the district court"); *Travelers Ins. Co. v. Goldberg*, 135 B.R. 788 (D. Md. 1992) (court withdrew the reference and refused to refer a case to bankruptcy court, describing it as a "futile detour, requiring substantial duplication of judicial effort").

The *Green* case (cited in the Opposition at pp. 7, 9) is particularly on point. In *Green*, the FDIC refused to consent to a jury trial of non-core claims brought in bankruptcy court. 451 B.R. at 11. In granting the FDIC's motion to withdraw the reference, the *Green* court held:

> Because FDIC does not consent [to bankruptcy court entry of final orders] here, any findings of the bankruptcy court . . . will be subject to de novo review. Such concerns prompted the *Sec. Farms* court to note that judicial efficiency and costs were best served by withdrawing the reference so that the district court could address the claims in a single proceeding. . . . Failure to withdraw the reference at this stage could lead to a future appeal in which a district court will be tasked with reviewing the bankruptcy court's decision de novo. The Court therefore concludes that (1) judicial resources would be most efficiently used by withdrawing the reference, and (2) unnecessary delay and costs to the parties can be avoided by withdrawing the reference.

*Id.* at 11.

Similarly, in *Michaelson v. Golden Gate Private Equity, Inc. (In re Appleseed's Intermediate Holdings, LLC)*, Civ. No. 11-807 (JEI/KM), 2011 WL 6293251 (D. Del. Dec. 15, 2011), the Delaware District Court recently considered withdrawal of the reference of both core and non-core claims in which the defendants were entitled to a jury trial. In light of the United States Supreme Court's emphasis in *Stern v. Marshall*, 131 S. Ct. 2594 (2011) on the inability of

---

[6] The Committee alleges that *Sec. Farms* "did not involve a genuine dispute about permissive withdrawal, but instead concerned whether the district court should have honored a bankruptcy judge's decision to remand claims to state court." (Opp. 11 n.9.) However, this is not the case. In *Sec. Farms*, the Ninth Circuit concluded that "[the district court judge] properly exercised his discretion in withdrawing the reference." 124 F.3d at 1009 n.8.

the bankruptcy court to enter final orders, the *Michaelson* court withdrew the reference, noting that "withdrawing the reference would promote uniformity in bankruptcy administration . . . insofar as all decisions [as to both the core and non-core claims] would originate from one court." 2011 WL 6293251, at *3. The court reasoned that because the bankruptcy court could not enter final judgments on non-core claims, withdrawal of the reference was prudent and warranted in order to avoid the potential of re-litigating the action on *de novo* review, thereby unnecessarily wasting the parties' resources. *Id.*

The Committee's arguments to the contrary rely on cases where the movant waited to seek withdrawal of the reference until the bankruptcy court already had material involvement in or knowledge of the facts related to the specific matter at issue in the motion to withdraw the reference. For example, in *HA 2003*, withdrawal of the reference would not promote judicial economy because the bankruptcy court had already overseen discovery, and had approved the post-petition compensation that had become the subject of an affirmative defense. 2004 WL 609799, at *2. Similarly, in *Edgewater*, the district court denied a motion to withdraw the reference where the bankruptcy court had been extensively involved in the adversary proceeding before withdrawal of the reference was sought – discovery was in process, and the bankruptcy court "ha[d] presided over and resolved numerous motions, claims, objections, and settlements" and was considering a fully briefed motion for summary judgment. 2004 WL 2921957, at *3, 5. *See also Daewoo*, 302 B.R. at 314 (because "[t]he bankruptcy court has already considered these questions [relating to the resolution of the proceeding] . . . not withdrawing the reference promotes judicial economy and uniform bankruptcy administration").

The instant case is at odds with the foregoing Committee authorities cited by the Committee – no discovery has occurred, the Bankruptcy Court has not resolved or considered any substantive motions[7] or taken any evidence from the Committee with respect to the FAC, and none of the Defendants have presented any evidence with respect to their defenses to the Bankruptcy Court. Further, none of the causes of action involve any bankruptcy claims that fall

---

[7] The Bankruptcy Court did hear the Committee's procedural motion for standing to bring the Committee Adversary Proceeding, but assumed for purposes of that procedural motion that all facts contained in the Committee's complaint were true as pled.

within the unique expertise of the Bankruptcy Court.  In other words, the Bankruptcy Court and the District Court would have a similar learning curve with respect to the factual and legal issues in the Committee Adversary Proceeding.  Moreover, the Bankruptcy Court has not – despite the Committee's unsupported allegation to the contrary – shown any "interest in maintaining control over the [Committee Adversary Proceeding." (*Cf.* Opp. 13.)  The only Bankruptcy Court ruling made to date involving the Defendants was to grant the Committee standing to bring the instant proceeding – a determination that required the Bankruptcy Court to assume that the allegations in the Complaint were true.  This procedural ruling does not provide support to overcome the substantial legal, cost saving, and procedural benefits of withdrawing the reference.

The Committee attempts to insinuate that the Defendants waited too long after the Complaint was filed to seek withdrawal of the reference.  (*See* Opp. 13, n. 10.)  However, while the Committee filed its original complaint on February 15, 2011, the Bankruptcy Court's order authorizing *nunc pro tunc* authority to file the Complaint was not entered until October 7, 2011.  The Committee subsequently filed the FAC on November 28, 2011.  Two weeks later, the Defendants concurrently filed their FAC Answer, jury demand and the Motion on December 12, 2011.  Thus, the Motion was filed in a timely manner.

The Committee also cites to *Morrison v. Amway Corp. (In re Morrison)*, 409 B.R. 384 (S.D. Tex. 2009) for the proposition that permissive withdrawal of the reference with respect to a "non-core" proceeding would not enhance judicial efficiency and uniformity.  409 B.R. at 386.  However, the *Morrison* court based its decision on a local rule that required cases to be assigned randomly, rather than allowing them to be assigned to a judge handling related matters.  409 B.R. 384, 386 (S.D. Tex. 2009).  Here, however, the reasoning in *Morrison* does not apply because the District Court is currently presiding over the Debtor's FIRREA Action and District Court Local Rule 40.1 provides for the assignment of the Committee Adversary Proceeding to the judge handling the Debtor's FIRREA Action to promote the efficient use of judicial resources.

Accordingly, prompt withdrawal of the reference is proper.

> **3. Judicial economy and efficiency will be promoted by withdrawing the reference because the Defendants' affirmative defense based on the improper sale of the Bank's assets by the FDIC pursuant to FIRREA is also at issue in the Debtor's FIRREA Action before the District Court**

The Debtor filed the Debtor's FIRREA Action in the District Court. The Committee Adversary Proceeding – which has been brought in the name of the Debtor – implicates key factual and legal issues that overlap the Debtor's FIRREA Action. Thus, prompt withdrawal of the reference will promote judicial efficiency and economy. *See FTC v. First Alliance Mortg. Co. (In re First Alliance Mortg. Co.)* 282 B.R. 894, 902 (C.D. Cal. 2001) ("[G]iven that the FTC's substantive action will be determined before this [District] Court, as a matter of efficiency and judicial economy it makes sense for the other aspects of the bankruptcy proceeding that also concern First Alliance's lending practices to be resolved by this Court").

In particular, the Debtor's FIRREA Complaint's Eighth Claim For Relief – Determination of ICBI's Proof of Claim, includes claims based upon the FDIC's seizure and wrongful sale of the Bank's assets (*see* Debtor's FIRREA Complaint 10-11, Ex. A 22) and expressly reserves the right to bring claims based on the improper seizure of the Bank and its assets under applicable banking law, including FIRREA (*see Id.*, Ex. A 41-42). Similarly, the Defendants assert as a critical affirmative defense that the seizure of the Bank and the FDIC's imprudent sale of the Bank's assets constituted an intervening and direct cause of the damages claimed by the Committee. (*See* FAC Answer ¶ 132.) Thus, resolution of the pending Debtor FIRREA Action and the Committee Adversary Proceeding will involve substantially overlapping discovery and legal arguments with respect to (a) the seizure of the Bank, (b) the sale by the FDIC of the Bank's assets and (c) other acts of the applicable regulators, including the FDIC, concerning the Bank.

Accordingly, withdrawal of the reference will promote judicial economy by enabling the same court to oversee discovery of common factual issues, and will enhance efficiency, uniformity of administration, and consistency in adjudication by placing common factual and legal issues before the District Court. These factors provide further cause to withdraw the reference.

\* \* \* \* \*

For the foregoing reasons, the Defendants respectfully request that the Motion be <u>granted</u>.

Dated:  January 25, 2012    Respectfully submitted,

LATHAM & WATKINS LLP
Peter K. Rosen
Robert A. Klyman
Ted A. Dillman

By  /s/ Robert A. Klyman
Robert A. Klyman
Attorneys for the Defendants